IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:06-cr-00027 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DOMINICK RANDELL COLEMAN | ) | United States District Judge |

**MEMORANDUM OPINION**

Pending before the court is Dominick Randell Coleman's emergency motion for a reduced sentence pursuant to Section 404(b) of the First Step Act of 2018. (Dkt. No. 58.)[1] The motion is brief, and it asks the court to rule without a hearing. It simply requests that the court adopt a recently-filed addendum to the PSI and then requests that Coleman be sentenced "to a total guideline sentence of 135 months, to be followed by three years of supervised release." (Dkt. No. 58.) The United States was ordered to respond (Dkt. No. 57), and its response was due April 5, 2019. It did not file a timely response, nor has it asked for an extension of time to respond.

In the addendum, the United States Probation Office notes that it considers Coleman eligible for a reduction in sentence pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(B). As described in more detail below, the addendum concludes that Coleman's mandatory minimum sentence and applicable guideline range have been reduced as a result of the First Step Act and that he has already served more than the top end of the revised guideline range for his sentence. Although the United States has not responded in this case, in other cases the United States has asked that any judgment imposing a sentence of time served "be stayed up to 10 days

---

[1] Coleman had previously filed a *pro se* motion requesting relief under the First Step Act. (Dkt. No. 56.) That motion will be denied as moot.

1

to allow the Bureau of Prisons sufficient time to process the defendant's release." Neither party has requested a hearing, and, as noted, Coleman has expressly waived one.

I. BACKGROUND

Coleman pleaded guilty to two of the counts in the indictment against him: Count Three, which charged him with conspiring to distribute and possess with intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and Count Four, which charged him with discharging a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). At the time, the statutory penalties for at least five grams of crack cocaine, as set forth in § 841(b)(1)(B), were a term of imprisonment of five to 40 years. For Count Four, it was ten years to life. The supervised release term for Count Three was four years to life, and the maximum term of supervised release for Count Four was five years. (PSR ¶ 60.)

At sentencing, the court found Coleman responsible for 7.5 grams of cocaine base, resulting in a base offense level of 26 for Count Three. He received a three-level decrease for acceptance of responsibility, resulting in a total offense level of 23. His criminal history category was a II, resulting in a guideline range on Count Three of 60 to 63 months. The guideline range for Count Four was 120 months, to be served consecutively to the sentence on Count Three.

The sentencing judge sentenced Coleman to the mandatory minimum sentence on Count Three—60 months—plus a consecutive 120-month sentence on Count Four, for a total term of imprisonment of 180 months. The court also imposed a five-year term of supervised release on each count, to be served concurrently. Coleman did not appeal. He later requested a reduced sentence, but that order was denied. (Dkt. Nos. 37, 38.)

## II. DISCUSSION

Coleman now seeks relief under Section 404 of the First Step Act of 2018. 115 Pub. L. 391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); *see also* 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a previously imposed sentence "to the extent otherwise expressly permitted by statute"). Section 404 effectively makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who were sentenced prior to August 3, 2010, and it allows—but does not require—district courts to reduce the sentence of a defendant as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *See* First Step Act § 404(c).

Coleman meets all the criteria to be eligible for a reduction under Section 404 of the First Step Act. Specifically, his offense was committed before August 3, 2010, and the statutory penalties applicable to his offense were modified by Section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant here, Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams.

As charged, Coleman's offense involved 5 grams or more of cocaine base, and he was found responsible at sentencing for 7.5 grams. Applying the Fair Sentencing Act retroactively to his case means he would no longer be subject to the statutory penalties of § 841(b)(1)(B) but would instead be subject to the penalties set forth in § 841(b)(1)(C). Under that provision, Coleman's statutory sentencing range no longer has a mandatory minimum and has a statutory maximum of 20 years.

Coleman's guideline range also has been lowered. Specifically, as noted, Coleman's base offense level was based on 7.5 grams of cocaine base. Applying the drug quantity guidelines in effect now would establish a base offense level of 16. After the three-level decrease for acceptance of responsibility, Coleman's total offense level would be 13. His total offense level of 13 and criminal history category of II would result in a guideline range of 15 to 21 months on Count Three. (*See* Addendum, Dkt. No. 55.)

Upon review of the record, the court concludes that a sentence reduction is warranted in Coleman's case. The court determines that a sentence of "not less than time served" is appropriate here, rather than imposing the 135-month sentence requested by Coleman, which would be less than what Coleman has already served. The court does not find that "banking" time is appropriate, for the reasons it recently has explained in *United States v. Laguerre*, No. 5:02-cr-30098, slip op. at 5-6 (W.D. Va. Feb. 22, 2019), which reasoning is expressly adopted here.

According to the addendum, which was issued in early February 2019, Coleman had served approximately 156 months of his total 180-month sentence. It appears that he is currently housed in a half-way house, RRM Raleigh. *Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited April 8, 2019). Thus, he has already served more than the highest possible guideline sentence under the post-First Step Act calculations, which would be 141 months.

Having considered the sentencing factors of 18 U.S.C. § 3553(a), then, the court concludes that a total guideline sentence of time served is an appropriate sentence. The court also will reduce Coleman's term of supervised release on Count Three from five years to three years, as the court finds appropriate. The court notes, though, that Coleman will continue to

4

serve a five-year supervised release term on Count Four, which is to run concurrent to his supervised release term on Count Three.

### III.  CONCLUSION

For the foregoing reasons, this court will modify the defendant's sentence on Count Three, under the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B), to a sentence of time served, to be followed by three years of supervised release.  The remainder of his criminal judgment will remain unchanged.  The effective date of the court's order shall be stayed for either the time it takes the Bureau of Prisons to process the release of the defendant from custody, or ten days, whichever is less.  An appropriate order will be entered.

The clerk is directed to provide a copy of this memorandum opinion and the accompanying order to all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered: April 8, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge